Owen, C. J.
The case should have been submitted to the-jury. The horse was not, when taken up by the defendant,, running at large in any public road or highway, or in any street, lane or alley, or upon any uninclosed land, or caused to be detained for grazing upon any of the places pointed out in section 4202, Rev. Stats., and hence no person was authorized to detain him until either damages or compensation- should be paid or tendered by the owner. It was wholly without his fault or knowledge that the horse found his way into the defendant’s inclosure. He did not suffer him to run at large in any sense contemplated by the statute, and consequently the case was not brought within either section 4207 or 4208, Rev. Stats.
Nor is it enough to bring the case within the statute that the ' animal taken up was “ running at large.” It must have been so at large in one of the places and conditions defined in the statute. It is assumed by counsel for defendant that the plaintiff admitted, by not denying, that the horse was “ unlawfully running at large,” as it is alleged in the answer. This view magnifies the legal significance of this averment. It means no more than that the horse was running at large— whatever that is. The meaning is not enlarged by the epithet employed. It involves no issuable fact. ’Whether it was unlawfully running at large depends upon the facts, and these are not stated.
' It was incumbent upon the defendant to show, if the plaintiff’s evidence did not, that the horse v7as suffered by the plaintiff to run at large, or caused by him to be detained for grazing upon some place specified in section 4202. This is not accomplished by an undenied averment that the horse was “ unlawfully running at large.” The facts should have been shown so that the court could say whether they brought the ease within the statute. Beyond the fact that the horse was-“at large,” the averment is of the mere conclusion of the *275 pleader. The reply avers that the horse was not at large with plaintiff’s knowledge or by his fault. Besides, it may well be said, that all averments beyond the denial of defendant of the unlawful detention, were surplusage and immaterial. This denial made an issue as broad as the entire case. Every material fact was put in issue by it. Bailey v. Swaine, 45 Ohio St. 657.
The assumption that the plaintiff admitted the case to be within sections 4202, 4207 and 4208, being unfounded, there is nothing in the record that tends even to bring the case within any of these provisions; and as, therefore, no case calling for a tender was made, the trial court erred in arresting the case from the jury and giving judgment for the defendant by reason of the failure of the plaintiff to prove such tender, and for this error the

Judgments below are reversed and the cause remanded for further proceedings.